IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIKHAIL MAZIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-81-SLR |
| ) | |
| MR. STEINBERG and DELAWARE ) | |
| DEPARTMENT OF HEALTH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 19th day of April, 2007, having screened the complaint pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed for want of jurisdiction and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiff Mikhail Mazin filed this lawsuit pursuant to federal and Delaware Medicare/Medicaid law and asserts jurisdiction by virtue of the "U.S. Constitution 'equality before the law.'" (D.I. 2, 4) He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion.** Plaintiff alleges that he was discriminated against on May 18, 2006 and on June 10, 2006, and that the alleged discriminatory practice continues. The gist of his complaint is that the State of Delaware discontinued his Medicaid benefits. He asks this court to restore those benefits.

5. Plaintiff attached several exhibits to his complaint. He was notified by the Delaware Department of Health and Social Services ("DDHS") on February 3, 2006, that effective February 28, 2006, he was no longer eligible for Medicaid benefits. (D.I. 2, Ex. at 17) Plaintiff requested a hearing and hearing officer Roger Waters ("Waters") reversed the decision to terminate the Medicaid benefits on the basis that plaintiff had not received proper notice. A second notice, dated May 5, 2006, was sent to plaintiff and on June 27, 2006, a second hearing was held before hearing officer defendant Mr. Steinberg ("Steinberg"). Steinberg affirmed the decision of the DHHS Division of Medicaid and Medical Assistance to close plaintiff's 1916(b) Medicaid program and to

2

open plaintiff in the qualified medical beneficiary program, a program that reduced plaintiff's benefits. Id. at 21-23. Plaintiff appealed the decision to the Delaware Superior Court, C.A. No. 06A-08-001 CLS. The Superior Court dismissed the appeal on the basis that "the petitioner fails to set forth facts and related grounds to understand what violations occurred or what relief should be granted." Id. at 10. Plaintiff's appeal to the Delaware Supreme Court was dismissed as untimely, as it was filed one day late. Id. at 2. The Delaware Supreme Court denied plaintiff's motion for reargument. Id. at 1.

6. Having been denied relief through the Delaware courts, plaintiff turns to the federal courts for assistance. He alleges that Steinberg ignored the decision of hearing officer Waters, used the wrong determination to lower his Medicaid benefits, and violated the law in holding a second hearing and in finding plaintiff ineligible for 1916(b) Medicaid benefits.

7. Medicaid is a cooperative federal-state program. Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 502 (1990). States administer the Medicaid 1619(b) program, even though findings by the Social Security Administration affect an individual's eligibility for Medicaid coverage. See Frew v. Hawkins, 540 U.S. 431, 439 (2004) (while the states must meet the substantive obligations of the Medicaid Act, they nonetheless retain the discretion to design and administer their Medicaid systems as they wish).

8. In some circumstances, the Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review a state court adjudication. Turner v. Secretary of U.S. Dep't Housing and Urban Dev., 449 F.3d 536, 547 (3d Cir. 2006). The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries

3

caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, plaintiff alleges an injury due to the termination of Medicaid benefits. While the complaint alleges Steinberg erred in the Medicaid determination, plaintiff seeks restoration of Medicaid and, in essence, seeks review and rejection of the Delaware state court judgments dismissing his appeals. Accordingly, the claims fall under the purview of the Rooker-Feldman doctrine and are barred.

9. To the extent plaintiff alleges equal protection constitutional violations, and said claims are not caused by state court judgments, they are barred by immunity. Plaintiff names two defendants, the Delaware Department of Health and hearing officer Steinberg. "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978). Moreover, the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Rodriguez v. Stevenson, 243 F.Supp.2d 58, 63 (D. Del. 2002). Additionally, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). Therefore, Delaware's state agency, the Delaware Department of Health, is immune from suit and the court will dismiss the claims against it.

10. Similarly, it appears that any purported constitutional claim against hearing

4

officer Steinberg fails by reason of quasi-judicial immunity. Judges performing adjudicatory functions are absolutely immune from civil liability for money damages. Mireles v. Waco, 502 U.S. 9, 10 (1991). Absolute immunity has also been extended to federal and state administrative officers presiding over hearings in particular situations. Butz v. Economou, 438 U.S. 478, 514 (1978); Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir.1986) (finding that state parole board members were "entitled to quasi-judicial immunity when engaged in adjudicatory duties"); Hamilton v. Leavy, 322 F.3d 776, 785 (3d Cir.2003) ("Quasi-judicial absolute immunity attaches when a public official's role is 'functionally comparable' to that of a judge." (quoting Butz, 438 U.S. at 513)). All of plaintiff's allegations directed towards Steinberg revolve around his duties as a hearing officer (i.e., he ignored a previous hearing officer's decision, erred in holding a second hearing, erred in finding plaintiff ineligible for 1916(b) Medicaid, and used the wrong determination to find plaintiff eligible for a lower Medicaid benefit program). Accordingly, in the alternative, the court will dismiss the claims against Steinberg on the basis of quasi-judicial immunity.

11. **Conclusion.** Based upon the foregoing analysis, the complaint is dismissed as it is barred by the Rooker-Feldman doctrine. Alternatively, to the extent that plaintiff's claims were not caused by Delaware state court judgments, the claims are barred by Eleventh Amendment immunity and quasi-judicial immunity. Therefore, the complaint is dismissed for want of jurisdiction and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

_____
UNITED STATES DISTRICT JUDGE